**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEROME JONES (#110366)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-261-JWD-EWD** |
| **KELA HAYNES** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 20, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JEROME JONES (# 110366)** **CIVIL ACTION**

**VERSUS** **NO. 25-261-JWD-EWD**

**KELA HAYNES**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint, as amended, of Jerome Jones ("Jones" or "Plaintiff"), who is representing himself, and who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the screening permitted by 28 U.S.C. § 1915(e) and required by 28 U.S.C. § 1915A, it is recommended that the Court decline the exercise of supplemental jurisdiction over potential state law claims, and that Plaintiff's federal constitutional claims be dismissed with prejudice for failure to state a claim, except for Plaintiff's claim for money damages against Kela Haynes in her individual capacity for the alleged act of excessive force, which should proceed.

## I. BACKGROUND

Jones filed this lawsuit on or about March 31, 2025 against Kela Haynes, alleging violations of his civil rights under 42 U.S.C. § 1983 based on excessive force and retaliation.[2] Jones requests money damages and injunctive relief against Haynes in her individual capacity.[3]

---

[1] R. Docs. 1, 5, 7. Documents in the electronic Court record are referred to as "R. Doc. __." While an amended complaint normally takes the place of all prior complaints, because Jones is representing himself, all pleadings were considered in this Report and Recommendation. *See Stewart v. City of Houston Police Dept*., 372 Fed.Appx. 475, 477 (5th Cir. 2010) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

[2] R Doc. 1. Originally, it appeared that Jones may also be attempting to make a claim of deliberate indifference to a serious medical need. R. Doc. 1, p. 6. After reviewing Plaintiff's amended complaints, he has not alleged sufficient facts to state a claim for deliberate medical indifference, as explained further below. To the extent Jones alleges he was "sexual harassed," as he only states this information in a conclusory manner and provides no supporting facts this was not considered a separate claim. R. Doc. 7, p. 6.

[3] R. Doc. 1, pp. 4, 5-8; R. Doc. 5, p. 11-12; R. Doc. 7, pp. 4-5, 7, 11-12.

## II. Law & Analysis

### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Jones has sued a prison employee, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[5] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), which means without prepaying the filing fee. 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Jones was granted IFP status on April 11, 2025, so both statutes apply. R. Doc. 3.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6)).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claims.[9]

**B. Jones Has Stated a Claim for Excessive Force, but Not Retaliation[10]**

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[11] Although "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury,"[12] cruel and unusual punishment under the Eighth Amendment does not include *de minimis* uses of physical force (in other words, minor uses of force), as long as the force used is not "repugnant to the conscience of mankind."[13] Factors to consider in deciding whether force is excessive include the extent of injury sustained,[14] if any; the need for the use of force; the relationship between the need for force and the amount of force used; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[15] The inquiry regarding the reasonableness of the officer's actions is an objective, rather than subjective, one. In other words, "the question is whether the officers' actions

---

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

[10] To the extent Jones intended to bring a claim for deliberate indifference to a serious medical need in the original complaint (R. Doc. 1, p. 6 ("medical staff refused to give Jerome Jones medical attention")), he did not name any defendant for such a claim. Any claim against Haynes for deliberate medical indifference also fails because Jones does not provide any details on how Haynes "willfully prevented" Jones from receiving medical care, and such a conclusory allegation does not state a claim. R. Doc. 5, p. 5; R. Doc. 7, p. 6.

[11] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

[12] *Wilkins*, 559 U.S. at 38.

[13] *Hudson*, 503 U.S. at 10.

[14] Though extent of injury is a factor to consider in determining whether excessive force was used, no arbitrary amount of injury is required to maintain an excessive force claim. *Wilkins*, 559 U.S. at 39.

[15] *Id.* at 7.

are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[16]

Regarding need for the use of force, despite an opportunity to amend, Jones does not give any additional information regarding what caused the use of force.[17] The original complaint says that Jones may have been masturbating and apparently masturbated "on her," referring to Haynes.[18] Masturbating "on" a guard is a sufficient basis for some use of force. Though some force was reasonable considering the circumstances, Jones alleges 330 grams (an entire can) of chemical agent was used.[19] The amount of chemical agent dispensed is not a decisive factor,[20] but because Plaintiff alleges that substantially more than what courts have determined to be a constitutionally insignificant amount of chemical agent was used, it is best to allow this claim to proceed for further development at this stage.[21] Also, Jones alleges "permanent eyes problems with his right eye," which alleges at least some injury.[22] Jones also alleges that Haynes did not make any attempts to temper the severity of the forceful response.[23] Because Jones has alleged the use of a not

---

[16] *Watkins v. Gautreaux*, 515 F.Supp.3d 500, 510 (M.D. La. Jan. 28, 2021), citing *Davis v. Romer*, 500 Fed.Appx. 926, 931 (5th Cir. 2015) (quoting *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011)).

[17] R. Docs. 5, 7.

[18] Jones says Haynes "sprayed Jerome Jones down with chemical agent in revenge for masturbate[ing] on her." R. Doc. 1, p. 4.

[19] R. Doc. 1, p. 6; R. Doc. 5, pp. 6, 7; R. Doc. 7, p. 8.

[20] *Green v. Williams*, No. 13-1019, 2014 WL 6666638, at *7 (D.S.C. Nov. 24, 2014) ("there is no amount of chemical munitions, the use of which would automatically constitute excessive force.").

[21] *Compare Hamilton v. Orr,* No. 21-199, 2023 WL 2878820, at *2 (M.D. La. 3/22/23) (44 grams of chemical agent not unconstitutionally excessive) (citing *Robinson v. South Carolina Dept. of Corrections*, No. 10-2593, 2012 WL 851042, at *7 (D.S.C. March 13, 2012) (31 grams of chemical agent not unconstitutionally excessive); *Scott v. Crosby*, 19-4746, 2021 WL 3472800, at *5 (N.D. Fl. July 28, 2021) (69.5 gram use of pepper spray shows an absence of sadistic or malicious intent and is not excessive)).

[22] R. Doc. 1, p. 5; R. Doc. 7, p. 6.

[23] R. Doc. 5, p. 6 ("Capt. Kela Haynes, didn't gave inmate Jerome Jones, any warned or orders …."), p. 7 ("Prisoners complaint alleged that he was sprayed down with chemical weapon. Female guard never gave him any warned or orders …").

insignificant amount of force, a failure to temper the forceful response, and an injury, his federal constitutional excessive force claim should proceed at this juncture.

However, Jones has not stated a claim for retaliation. Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a state penal institution.[24] To state a claim for retaliation, a prisoner must allege the following: (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis* (minor), was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[25] The inmate must allege more than a mere personal belief that he is the victim of retaliation.[26] Furthermore, the inmate "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred."[27] It appears Jones is alleging he was retaliated against for masturbating. There is no constitutional right to masturbate in prison, so Plaintiff's federal claims for retaliation fail on the first prong and should be dismissed.[28]

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Jones wants this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline supplemental jurisdiction if a plaintiff's state

---

[24] *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

[25] *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999).

[26] *Mitchell v. Thomas*, No. 17-90, 2017 WL 11628577, at *4 (M.D. La. Nov. 21, 2017), adopted, No. 17-90, 2017 WL 11628576 (M.D. La. Dec. 6, 2017), citing *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

[27] *Woods*, 60 F.3d at 1166.

[28] *Jackson v. Pelkola*, No. 08-20, 2010 WL 3609513, at *1 (W.D. Mich. Sept. 13, 2010) ("Masturbation is not constitutionally protected conduct.").

law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Federal district courts are given wide discretion in disposing of state law claims,[29] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[30] Jones has not specifically asserted a state law claim; however, because any state law claim based upon the alleged act of battery would require a wholly different analysis than a federal excessive force claim, it is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined, and that Plaintiff's federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim based on the Court's screening under 28 U.S.C. §§ 1915(e) and 1915A, with the exception of Plaintiff's claim for monetary relief against Haynes in her individual capacity for the alleged act of excessive force.

Signed in Baton Rouge, Louisiana, on October 20, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).

[30] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).